

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JEFFREY RYAN,                        §
                                     §
            Movant,                  §
                                     §
VS.                                  §   NO. 4:09-CV-128-A
                                     §   (NO. 4:05-CR-195-A)
UNITED STATES OF AMERICA,            §
                                     §
            Respondent.              §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

     Came on to be considered the motion of Jeffrey Ryan ("Ryan")
under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.
Having reviewed the motion, Ryan's memorandum of law in support,
the government's response with appendix, the record, and
applicable legal authorities, the court concludes that the motion
should be denied.

I.

<u>Background</u>

     On December 14, 2005, Ryan was charged in two counts of a
fourteen-count indictment.  Count one charged Ryan with
conspiracy to possess with intent to distribute and to distribute
more than fifty grams of pure methamphetamine, in violation of 21
U.S.C. §§ 846 and 841(b)(1)(A), and count eleven charged him with
maintaining drug-involved premises, in violation of 21 U.S.C. §
856(a)(1) and (a)(2).  On March 13, 2006, Ryan proceeded with a
two-day jury trial and was found guilty of count eleven but was

1

acquitted of count one.  The court sentenced Ryan to a term of imprisonment of 151 months, followed by a five-year term of supervised release.  The United States Court of Appeals for the Fifth Circuit affirmed Ryan's conviction and sentence on July 20, 2007.  The Supreme Court denied his writ of certiorari on February 25, 2008.  Ryan timely filed this motion.

## II.

### Grounds of the Motion

Ryan asserts that the legal representation provided to him by his counsel, Danny Burns ("Burns"), violated his right to effective assistance of counsel.  Specifically, Ryan argues that Burns failed to make a factual objection to the presentence report's ("PSR's") calculation of Ryan's sentence under United States Sentencing Commission, Guidelines Manuel, ("USSG"), § 2D1.8(a) (Nov. 2008), and he failed to support such objection with testimony of, or a letter from, Christy Bickerstaff ("Bickerstaff").

## III.

### Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).  A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first

2

time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors.  Shaid, 937 F.2d at 232.  Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).  Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel.  Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

To prevail on his ineffective assistance of counsel claim, Ryan must show that (1) Burns's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  To prove that he was prejudiced by a sentencing error, Ryan must show that there is a reasonably probability that, but for counsel's error, he would have received a lower sentence.  United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004).  Both prongs of the Strickland test must be met to demonstrate ineffective assistance.  Strickland, 466 U.S. at 687.  Judicial scrutiny of this type of claim must be highly deferential, and

3

the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Counsel's decision regarding trial tactics and strategy cannot support a claim for ineffective assistance of counsel unless "it is so ill chosen that it permeates the entire trial with obvious unfairness." Cotten v. Cockrell, 343 F.3d 746, 752-53 (5th Cir. 2003) (citations omitted). Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (2000).

Ryan concedes that Burns objected to the PSR's characterization of Ryan as a mid-level dealer, argued that Bickerstaff was not credible, and contended that Ryan's offense level should have been calculated under USSG § 2D1.8(a)(2) rather than (a)(1).[1] This, according to Ryan, was insufficient, because Burns "offered no support whatsoever for this objection, nor did he tie the objection to the proper application of U.S.S.G. 2D1.8." Mem. at 6-7. Instead, according to Ryan, Burns should

---

[1] USSG § 2D1.8 provides

(a)     Base Offense Level:

       (1) The offense level from § 2D1.1 applicable to the underlying controlled substance offense, except as provided below.

       (2) If the defendant had no participation in the underlying controlled substance offense other than allowing use of the premises, the offense level shall be 4 levels less than the offense level from § 2D1.1 applicable to the underlying controlled substance offense, but not greater than level 26.

United States Sentencing Commission, Guidelines Manual ("USSG"), § 2D1.8 (Nov. 2008).

have raised a factual objection to the PSR based on an argument
that the government had not established that Ryan participated in
the underlying offense other than allowing the use of his
premises.  Burns should have, according to Ryan, supported that
objection by either calling Bickerstaff to testify that Ryan was
not a drug-dealer or introducing a letter she had sent to Burns
suggesting that the statements she made to an investigator were
not her own.

The court concludes that there is no reasonable probability
that, had Burns raised the argument set forth by Ryan, Ryan would
have received a lesser sentence.  During the sentencing
proceeding, the court found that there was no question that there
was reliable evidence that Ryan participated in the underlying
controlled substances offense.  Further, the Fifth Circuit
similarly concluded that this court's finding of Ryan's
involvement in the underlying offense was supported both by
evidence at trial and the findings in the PSR.

The court is also satisfied that Burns's decision to not
involve Bickerstaff in the sentencing proceeding was not
objectively unreasonable.  Burns, in an sworn affidavit,
explained that he interviewed Bickerstaff for approximately an
hour and a half, at which time she admitted to having made the
incriminating statements about Ryan to a government investigator.
Bickerstaff also indicated that she would do anything to help
Ryan and insinuated that she could say that she was just telling
the investigator what he wanted to hear (even though this was not

the truth).   Burns ultimately concluded that, if he involved Bickerstaff in the sentencing proceedings, the government would have called the investigator who spoke with Bickerstaff, and Ryan most likely would have received a sentence increase for obstructing justice.   Additionally, as the government points out, Burns had an ethical obligation to not knowingly sponsor false evidence before the court.

VI.

ORDER

For the reasons discussed above,

The court ORDERS that the motion of Jeffrey Ryan to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED April 2, 2009.

JOHN McBRYDE
United States District Judge