U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 4 2009
CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEFFREY RYAN, | § | |
| Movant, | § | |
| VS. | § | NO. 4:09-CV-128-A |
| | § | (NO. 4:05-CR-195-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

On April 16, 2009, movant, Jeffrey Ryan ("Ryan"), filed a motion to reconsider the court's denial of his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, because the court entered its opinion before allowing Ryan to submit a reply. Having considered Ryan's motion for reconsideration, the court concludes that it should be granted insofar as the court withdraw its memorandum opinion and order and final judgment, both signed April 2, 2009. The court construes Ryan's motion to reconsider as a reply to the government's response. Having considered this construed reply, along with Ryan's motion, memorandum in support, the government's response with appendix, the record, and the applicable authorities, the court again concludes that the motion should be denied for the reasons stated herein.

1

I.

Background

On December 14, 2005, Ryan was charged in two counts of a fourteen-count indictment. Count one charged Ryan with conspiracy to possess with intent to distribute and to distribute more than fifty grams of pure methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and count eleven charged him with maintaining drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and (a)(2). On March 13, 2006, Ryan proceeded with a two-day jury trial and was found guilty of count eleven but was acquitted of count one. The court sentenced Ryan to a term of imprisonment of 151 months, followed by a five-year term of supervised release. The United States Court of Appeals for the Fifth Circuit affirmed Ryan's conviction and sentence on July 20, 2007. The Supreme Court denied his writ of certiorari on February 25, 2008. Ryan timely filed this motion.

II.

Grounds of the Motion

Ryan asserts that the legal representation provided to him by his counsel, Danny Burns ("Burns"), violated his right to effective assistance of counsel. Specifically, Ryan argues that Burns failed to make a factual objection to the presentence report's ("PSR's") calculation of Ryan's sentence under United States Sentencing Commission, Guidelines Manual, ("USSG"), § 2D1.8(a)(2) (Nov. 2008), and he failed to support such objection with the testimony or letter from Christy Bickerstaff

2

("Bickerstaff"). Ryan further asserts that he is entitled to an evidentiary hearing because his claim cannot be decided without hearing Bickerstaff's testimony.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981). Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

To prevail on his ineffective assistance of counsel claim, Ryan must show that (1) Burns's performance fell below an

3

objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). To prove that he was prejudiced by a sentencing error, Ryan must show that there is a reasonably probability that, but for counsel's error, he would have received a lower sentence. United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Strickland, 466 U.S. at 687. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Counsel's decision regarding trial tactics and strategy cannot support a claim for ineffective assistance of counsel unless "it is so ill chosen that it permeates the entire trial with obvious unfairness." Cotten v. Cockrell, 343 F.3d 746, 752-53 (5th Cir. 2003) (citations omitted). Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (2000).

Ryan concedes that Burns objected to the PSR's characterization of Ryan as a mid-level dealer, argued that Bickerstaff was not credible, and contended that Ryan's offense level should have been calculated under USSG § 2D1.8(a)(2) rather

than (a)(1). This, according to Ryan, was insufficient, because Burns "offered no support whatsoever for this objection, nor did he tie the objection to the proper application of U.S.S.G. 2D1.8." Mem. at 6-7. Instead, according to Ryan, Burns should have raised a factual objection to the PSR based on an argument that the government had not established that Ryan participated in the underlying offense other than allowing the use of his premises. Burns should have, according to Ryan, supported that objection by either calling Bickerstaff to testify that Ryan was not a drug-dealer or introducing a letter she had sent to Burns suggesting that the statements she made to the investigators were not her own.

USSG § 2D1.8 mandates that USSG § 2D1.8(a)(1) is to be applied unless a defendant "had no participation in the underlying controlled substance offense other than allowing use of the premises . . . ." United States Sentencing Commission, Guidelines Manual ("USSG"), § 2D1.8 (Nov. 2008). The application note to USSG section 2D1.8 further indicates that:

> Subsection (a)(2) does not apply unless the defendant had no participation in the underlying controlled substances offense other than allowing use of the premises. For example, subsection (a)(2) would not apply to a defendant who possessed a dangerous weapon in connection with the offense, a defendant who guarded the cache of controlled substances, a defendant who arranged for the use of the premises for the purpose of facilitating a drug transaction. a defendant who allowed the use of more than one premises, a defendant who made telephone calls to facilitate the underlying controlled substances offense, or a defendant who otherwise assisted in the commission of the underlying controlled substances offense.

Id., comment. (n.1).

5

Burns's decision not to advance a factual objection to the sufficiency of the evidence in the PSR, along with his decision to not call Bickerstaff or submit her letter, was not objectively unreasonable. Burns raised several initial objections to the PSR, including the following:

> Defendant **JEFFREY RYAN** respectfully objects to Paragraph 25, page 6 of the pre-sentence report which states that Christy Biggerstaff [sic] "acknowledged that **Ryan** distributed large amounts of Ice on behalf of Priscilla Pena." The Report of Investigation of February 6, 2004, page 2 gives the caveat that "During the course of the interview, BICKERSTAFF rarely answered a question directly." Neither the pre-sentence officer nor this Court should find her statements to the officer credible for purposes of the pre-sentence report.

Def.'s Objections to Pre-Sentence Report at 1-2. Burns clearly attempted to discredit the statements attributed to Bickerstaff in the PSR. Ryan's argument that Burns instead should have called her to the stand or submitted her letter to prove that she did not make the statements attributed to her is nothing more than a disagreement in trial tactics and strategy, which cannot serve as the basis for post-conviction relief. See Cotten, 343 F.3d at 752-53; Gray v. Lucas, 677 F.2d 1086, 1094 (5th Cir. 1982).

The reasonableness of Burns's decision is further supported by the government's response to Burns's objection. The government stated that Bickerstaff's statements to the investigating agents were corroborated by the agent's independent investigation, the testimony of Priscilla Pena ("Pena") and her statements to the investigating agents, and telephone records of Pena and Ryan. See Government's Resp. to Def.'s Objections to

6

Case 4:09-cv-00128-A   Document 12   Filed 05/04/09   Page 7 of 8   PageID 74

the Presentence Report at 1-2. Ryan has failed to show that Burns's decision was objectively unreasonable.

Further, Ryan fails to show that he was prejudiced by Burns's decision. Even assuming that Ryan could have proved that Bickerstaff did not make the statements attributed to her in the PSR, Pena's testimony at Ryan's trial clearly supports the application of USSG 2D1.8(a)(1).[1]

Finally, while Burns and Bickerstaff dispute whether Bickerstaff indicated to Burns that she did or did not make the statements attributed to her in the PSR, or that Bickerstaff would lie to help Ryan, no evidentiary hearing is warranted because the discrepancy is completely immaterial to the determination of whether Burns's representation was constitutionally ineffective.

## VI.

### ORDER

For the reasons discussed above,

The court ORDERS that Ryan's motion to reconsider the court's judgment be, and is hereby, granted insofar as the court's memorandum opinion and order, and final judgment, both signed April 2, 2009, be, and are hereby withdrawn.

---

[1] Pena testified that Ryan, among other things, drove her to the mall to pick up a pound of ice methamphetamine ("ice"); bought a combination safe in which to hide the ice so that it would not be stolen; washed the ice with acetone; received from her, on different occasions, anywhere from seven to fourteen grams of ice at a time; and provided ice to other individuals on multiple occasions when they came to smoke ice in his "smoke room." See Trial Tr. vol. 1 229-57, Mar. 13, 2006.

The court further ORDERS that the motion of Ryan to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED May 4, 2009.

_____
JOHN McBRYDE
United States District Judge